UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDERICK OMOYUMA SILVER,**

        **Plaintiff,**

**v.**                                          **Case No. SA-20-MC-0655-JKP**

**RICARDO PEREZ, JR., et al.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

The Court has under consideration a *Request and Order to File New Litigation by Vexatious Litigant in this District Court* (ECF No. 1); an *Amended Complaint and Claims* (ECF No. 3); and a *Motion for Reassignment of the Case to United States District Judge Xavier Rodriguez from U.S. District Judge Jason Pulliam Docket* (ECF No. 4). In his two-page request, which the Court liberally construes as a motion, Frederick Omoyuma Silver ("Silver") explains that the Court has previously deemed him a vexatious litigant and he thus must obtain judicial preapproval before filing new litigation without representation from an attorney. Request at 1. He has attached a copy of the complaint he seeks to file and a week later he filed an amended complaint.

The Court will accept the amended complaint as the proposed operative complaint. Silver seeks leave to sue three identified San Antonio police officers (Ricardo Perez, Jr.; Christopher Ortiz; and E.G. San Miguel); multiple "John Doe" defendants; and the City of San Antonio for alleged involvement in events occurring on December 10, 2018. Although not named as defendants, Silver also asserts that Mission Wrecker Service, S.A., Inc. towed his vehicle to Alanis Wrecker Service Inc.

With respect to the most recent motion, Silver requests reassignment because he has other cases before the undersigned that have not proceeded at a pace suitable to him. He provides no

legal basis for the reassignment. It is the procedure of this Court to randomly assign new cases, whether civil or miscellaneous, to a district judge. Silver has presented no reason to interfere with the random assignment. The Court denies the motion as frivolous.

Because Silver cannot file his proposed civil action without leave of court, it is his burden to persuade the Court that it should allow his proposed filing to commence a new civil action. As detailed in depth in a contemporaneous Memorandum Opinion and Order in Case No. 19-MC-1490-JKP, to carry that burden, a sanctioned litigant must generally show that the claims sought to be asserted have sufficient merit; that each defendant is properly included in the litigation; that the proposed filing is both procedurally and legally sound; that there is no obvious defense to asserted claims; that the claims are not brought for any improper purpose, such as harassment; and that the motion for leave as well as the proposed pleading complies with all relevant requirements set out in prior sanctions. Whether to grant or deny the requested leave is a matter within the Court's sound discretion.

Upon review of the motion for leave and the proposed amended complaint, the Court exercises its discretion to deny the requested leave for the reasons stated herein. The Court has thoroughly set out the sanction and pertinent litigation history as well as the applicable standard of review in the Memorandum Opinion and Order in Case No. 19-MC-1490-JKP. This case presents no reason to do so again. But a brief summary is warranted.

On April 18, 2019, the Honorable District Judge Xavier Rodriguez of this Court accepted a recommendation that the Court dismiss the then pending action filed by Silver as frivolous, deem Silver a vexatious litigant, and impose sanctions. *See Silver v. Bemporad*, No. SA-19-CV-0284-XR, 2019 WL 1724047, at *1-4 (W.D. Tex. Apr. 18, 2019), *appeal dismissed*, No. 19-50339 (5th Cir. July 15, 2019). Upon accepting the recommendations, the District Court issued the following orders:

Plaintiff is further **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district.** Before filing any new lawsuit in this district and division, Silver must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Silver in this division unless and until such motion is filed and granted.

Because Silver has other pending litigation in this Court and may have future cases removed to this Court, he is also **WARNED that further frivolous filings or motions in those pending cases or any future filed or removed case may also result in the imposition of monetary sanctions.**

*Id.* at *4.

Notably, briefing in a contemporaneous case reveals that a Travis County judge has imposed a similar prefiling restriction for state court filings and Silver's name appears on a list of Vexatious Litigants Subject to Prefiling Orders maintained by the Office of Court Administration. *See Synchrony Bank v. Silver*, No. 5:20-MC-0272-JKP (W.D. Tex. Mar. 6, 2020) (ECF No. 3 ¶ 6 n.1 (citing www.txcourts.gov/judicial-data/vexatious-litigants/)). Interestingly, the case leading to the state prefiling injunction involved the same defendants as this action except that it did not include the City but instead named the State of Texas and others (including Mission Wrecker Service, S.A., Inc. and Alanis Wrecker Service Inc.) as defendants. *See Silver v. State of Tex.*, No. D-1-GN-19-002235, unpub. order (126th Dist. Ct., Travis County, Tex. July 22, 2019) (found by following link in immediately prior citation).

Events occurring on December 10, 2018, have led Silver to file the instant motion seeking leave to file another federal civil action. On that date, Officer Perez pulled Silver over for a routine traffic stop for speeding. Silver exited the freeway and parked at a gas station. Because Officer Perez was in an unmarked vehicle, Silver insisted that a marked vehicle come to the scene. Calls for assistance from Officer Perez resulted in five other police vehicles arriving at the scene. After Silver refused to provide a driver's license and proof of insurance, Officer Perez arrested him and

placed him in a marked police vehicle. An unidentified officer drove Silver to jail where he was finger-printed and photographed. Silver's vehicle was towed from the gas station without his consent. Following a four-hour detention at the jail, Silver was released and informed that his personal belongings were in the property room, but he would need to pay a fine to obtain the property and he would need to pay an impound fee to get his car. Silver claims the City and Perez unlawfully seized and retained his vehicle. He further claims that Perez unlawfully confiscated his personal property but provides no specifics as to when this occurred. He claims that each defendant acted in concert with the others to affect the unlawful seizure and continued retention of his personal property following his arrest and release on December 10, 2018.

This case is essentially a modified version of Silver's ultimately unsuccessful attempt to obtain leave in a prior miscellaneous case.[1] On January 6, 2020, Judge Garcia conditionally granted in part and denied in part a motion for leave. *See Silver v. City of San Antonio*, No. 5:19-MC-1450-OLG, unpub. order (W.D. Tex. Jan. 6, 2020). Although Judge Garcia noted that "there is no legal basis for most of Plaintiff's alleged claims" and "it is apparent that the vast majority of Plaintiff's alleged causes of action are not viable," it found sufficient reason to permit Silver to conditionally proceed with his claim based on allegations that property had been taken from him and not returned. *Id*. at 3-4. The Court thus partially granted the motion on the condition that Silver file an amended complaint to assert only that claim. *Id*. at 4-5. The Court's conditional grant resulted in several filings by Silver and multiple court orders before the Court ultimately denied Silver leave to proceed with the action due to his failure to comply with the conditional grant of permission. *See id.* unpub. order at 2-3 (W.D. Tex. Apr. 16, 2020). In that denial, the Court explained that its

---

[1] In fact, this case essentially duplicates Silver's prior litigation in *Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018) except that Silver has dropped several defendants and does not limit the current proposed action against individual police officers to their official capacity only. The Court will revisit this case later.

order "does not preclude Plaintiff from again seeking relief . . . but Plaintiff should do so only if he is willing and able to (i) comply with court orders and (ii) assert only those claims and allegations that are factually and legally supportable." *Id.* at 3 n.3. The ultimate denial resulted in four additional motions by Silver, including a motion to reopen case, all which the Court denied. *See id.* unpub. order at 2-3 (W.D. Tex. June 1, 2020).

On the very day that Judge Garcia denied the motion to reopen the prior case, Silver filed the motion for leave in this case. Although Silver makes some attempt to limit the current case to his claim that property was taken from him and not returned, his proposed amended complaint still contains many allegations unnecessary to such claim and fails to comply with the essence of Judge Garcia's order to amend the complaint. For instance, Silver's proposed amended complaint limits the proposed action to his claim that defendants confiscated and retained his vehicle and his wallet with its contents, but his factual allegations go well beyond such claim.

Including factual allegations that relate to non-asserted claims causes unnecessary confusion especially when the Court has previously directed the litigant to limit his claims in a conditional grant of authority to proceed with specifically identified claims. When considering whether to grant leave for a vexatious litigant to proceed with a proposed action, courts may properly consider whether the litigant is appropriately limiting the proposed action as instructed in prior attempts to obtain leave. In general, when considering a subsequent attempt for leave to proceed with a previously denied proposed action, courts should not countenance vexatious litigants merely making minor changes to the prior unsuccessful attempt. Vexatious litigants may not merely make incremental changes to a proposed action in a series of efforts to obtain leave of court.

While, in some circumstances, the Court might look beyond the excess factual allegations and consider only the specific claims sought to be pursued, doing so here does not help Silver obtain the requisite leave of court. First, it is likely that Silver has already brought the same or

similar claims in state court. And Silver has brought the same or similar claims in federal court. *See Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018). Serially suing the same defendants on the same claims in state and federal court is the essence of harassment. But putting the potential similarities of this case and the prior state action aside, the instant federal action has significant issues on its own merits.

Significantly, Silver has unsuccessfully pursued the same or similar claim against the City and Officers Perez and Ortiz, in their official capacities only. *See id.* In that pro se, fee-paid case, the assigned Magistrate Judge recommended that the District Court (1) grant motions to dismiss filed by various defendants, including the City and Officers Perez and Ortiz; (2) deny Silver leave to amend and to add new parties, including Officer San Miguel and Mission Wrecker Service, Inc.; and (3) dismiss the action. *See id.* (recommendation, ECF No. 32). The Magistrate Judge set out the facts of the case (which are the same facts he alleges in this case) and found that all claims lack merit because the sued judges were absolutely immune from suit, the San Antonio Police Department was not an entity subject to suit, and Silver had made no allegation of any policy or custom of constitutional violation to hold the City or officers liable in their official capacities. *See id.* at 3-8. The Magistrate Judge recommended that Silver be denied leave to amend his complaint for a number of reasons, but also noted that his "motions to amend and join parties are also futile for a more fundamental reason: the facts he has alleged fail to establish any constitutional violation by anyone." *Id.* at 10. Over multiple objections by Silver, the District Court accepted the recommendation in full and dismissed the case without leave to amend. *See id.* (order dated Mar. 18, 2019, ECF No. 49).

"It is well-accepted that courts may appropriately dismiss an IFP [(*in forma pauperis*)] action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by

the IFP plaintiff.'" *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)). Dismissals under *Wilson* are warranted to preclude a serial plaintiff from avoiding "the ordinary rules of *res judicata*." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir.1993). Furthermore, it is well-established that "res judicata bars all claims that were brought *or* could have been brought based on the operative factual nucleus." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000). "Consequently, courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action seeks to raise claims that could have been brought on the same facts." *Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) (recommendation of Mag. J.) *accepted by* unpub. order (N.D. Tex. Nov. 9, 2005). "A case is malicious if it is duplicative of a pending or previous lawsuit." *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam). And courts properly dismiss newly raised claims as frivolous and malicious when they arise from the same factual allegations that were unsuccessful previously. *See id.*

"[T]he court's power of dismissal in IFP cases under section 1915(d) [(now (e))] is broader than in other civil cases under the Federal Rules of Civil Procedure." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam). But that broad power of dismissal is exceeded by the discretionary authority of the district courts to handle and address motions for leave to file required by a prefiling injunction imposed as a sanction against a vexatious litigant. Silver's prior unsuccessful action against the City, Perez, and Ortiz provides ample reason to deny him leave to pursue the complaint proposed in this case. That Silver now seeks to sue the officers in their individual as well as official capacities does not alter the maliciousness of the current action.

While the Court could summarily deny Silver leave to proceed with his proposed complaint as malicious under the preceding paragraphs, it also notes other valid reasons for the denial. In the

proposed case now before the Court, Silver's allegations present no sufficient personal involvement of any individual defendant and asserts only conclusory allegations of municipal liability. He presents absolutely no factual basis to include Officers Ortiz and San Miguel in this action. And, while Silver includes multiple John Doe defendants, he recites only one specific allegation against an unidentified defendant – that an unidentified officer drove him to the jail – and that allegation lacks a sufficient connection to his property claims. Federal courts, furthermore, lack personal jurisdiction over John Doe defendants. *See Sorrell v. Dallas, TX Bridge Shelter, Staff, Bldg. 2*, No. 3:08-CV-1065-G-BH, 2008 WL 3915347, at *1 (N.D. Tex. Aug. 25, 2008) (accepting recommendation of Mag. J.) (citing *Taylor v. Fed. Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986)). Silver does allege that all defendants acted "in concert" but such allegation is completely conclusory. Because Silver provides no factual basis to sue Officers Ortiz and San Miguel or the John Doe defendants, he has not carried his burden to show that the Court should grant him leave to pursue his proposed action. It appears that the inclusion of Ortiz and San Miguel is merely meant to harass them. Conclusory and duplicative allegations of municipal liability likewise reveal harassment rather than an actual claim when the litigant has sued the municipality over and over again for various alleged transgressions.

Although Silver does make some specific factual allegations regarding Officer Perez most of them do not relate specifically to Silver's claim that Perez unlawfully confiscated and retained his personal property. And the allegations as to that claim are mostly conclusory and vague. Silver provides no facts as to when Perez confiscated the property or how he was personally involved in its retention. Nor does Silver provide any basis for finding that Perez was personally involved in the retention of any of Silver's property other than his involvement in the initial confiscation.

Based on Silver's allegations, there appears to be nothing unlawful about the confiscation of his property. This appearance is entirely consistent with the prior dismissal of his similar claims

8

and the denial of leave to amend in that case. By Silver's own factual allegations, Officer Perez had probable cause to arrest him for failing to provide a driver's license and proof of insurance. *See Villarreal v. State*, No. 14-18-00406-CR, 2020 WL 1880998, at *6 (Tex. App. – Houston [14th Dist.] Apr. 16, 2020, no pet. hist.) (holding that "officer developed probable cause to arrest appellant almost immediately after the stop began because appellant did not possess a driver's license" and Tex. Transp. Code § 521.025 makes it unlawful for a person operating a motor vehicle to refuse to display the license on demand of a peace officer); *Nicholson v. State*, 594 S.W.3d 480, 487 (Tex. App. – Waco 2019, pet. ref'd (Dec. 18, 2019), pet. granted (Dec. 18, 2019)) (it is "a criminal offense" to "fail[] to present a valid Texas driver's license upon request); *Ferguson v. Dunn*, No. 1:16-CV-00272-MAC, 2019 WL 456264, at *3 (E.D. Tex. Jan. 10, 2019) (recommendation of Mag. J.) ("Ferguson violated Tex. Transp. Code Ann. § 521.025 and committed an arrestable offense when he refused to display his driver's license.) *adopted by* 2019 WL 452746 (E.D. Tex. Feb. 1, 2019), *aff'd*, 803 F. App'x 808 (5th Cir. 2020). "An officer conducting a traffic stop has the right to ask for a driver's license, insurance papers and identification, run a computer check on the information provided by the defendant, and check for outstanding warrants." *Breyfogle v. State*, No. 05-16-01445-CR, 2017 WL 5898411, at *3 (Tex. App. – Dallas Nov. 29, 2017, no pet. hist.) (citing *Rodriguez v. United States*, 135 S. Ct. 1609, 1611 (2015); *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004)).

Because Silver complains about confiscating his wallet and its contents, Officer Perez may have confiscated it when he arrested Silver, or during an inventory of Silver's vehicle, or perhaps when Silver was booked at jail. Given the circumstances alleged, none of these confiscation scenarios appear unlawful. Upon making a lawful arrest, law enforcement officers may search the person arrested as an incident to that arrest. *Maryland v. King*, 569 U.S. 435, 449 (2013). Similarly, a search may permissibly occur as part of the "routine administrative procedure[s] at a police

station house incident to booking and jailing the suspect." *Id.* (quoting *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983)). Furthermore, "police are permitted to search impounded vehicles to make an inventory of items in the car in order to protect the owner's property, to protect the police from claims for lost property, and to protect the police from dangerous contents." *State v. Stauder*, 264 S.W.3d 360, 362 (Tex. App. – Eastland 2008, pet. ref'd); *accord S. Dakota v. Opperman*, 428 U.S. 364, 370 (1976) (recognizing validity of a caretaking search of a lawfully impounded automobile).

Additionally, Silver's vague claims that the impoundment of his vehicle violated the Fourth Amendment does not suffice. *See United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (*en banc*). When a police officer has lawfully stopped a vehicle, as here, and the sole occupant was lawfully under arrest, as here, impoundment of the vehicle is "permissible so long as it was carried out in furtherance of a community caretaking function." *Id.* (citing *Opperman*, 428 U.S. at 368; *United States v. Ponce*, 8 F.3d 989, 996 (5th Cir. 1993)). "The community caretaking exception provides for lawful impoundments by the police in furtherance of public safety or community caretaking functions, such as removing disabled or damaged vehicles, and automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *Bey v. Hood*, No. 6:19-CV-00227-JDK, 2020 WL 3039147, at *5 (E.D. Tex. Mar. 30, 2020) (recommendation of Mag. J.) (internal quotation marks and citations omitted) *adopted by* 2020 WL 3026292 (E.D. Tex. June 5, 2020) and *adopted by* 2020 WL 3035644 (E.D. Tex. June 5, 2020).

Silver emphasizes that he did not leave his vehicle on a public street, but instead parked it in a gas station parking lot. But the caretaking function is not limited to vehicles left on a public street. "Reasonable cause for impoundment of an automobile may exist when the driver is removed from his automobile and placed under custodial arrest, and his property cannot be protected by any means other than impoundment." *Garza v. State*, 137 S.W.3d 878, 882 (Tex. App. – Houston [1st

dist.] 2004, pet. ref'd). Impoundment is valid when necessary to secure protection of the vehicle because only the arrestee is available to take custody of the car. *Delgado v. State*, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986) (en banc). An impoundment claim based upon allegations that there was no probable cause for his arrest or for towing his car may fail as a matter of law when there is probable cause for the arrest. *Huang v. Hill*, No. 3:15-CV-269, 2017 WL 68465, at *9 (S.D. Tex. Jan. 6, 2017), *aff'd*, 792 F. App'x 329 (5th Cir. 2020).

For all of these reasons, the confiscation of Silver's personal property and vehicle does not appear to violate any constitutional right. In Silver's prior federal action involving the same facts, the lack of such violation impacted the Court's decision as to denying Silver leave to amend. And the allegation that Officer Perez retained the personal property is entirely conclusory in this case. Silver's own allegations show that the personal property was kept in the jail property room and could be retrieved after paying a fine. Furthermore, Silver could retrieve the car after paying the impoundment fee. Most importantly, Silver has made an insufficient factual showing as to any officer's personal involvement in the retention of his property. And, as already been mentioned, his allegations of municipal liability are likewise conclusory.

While the retention of personal property may be troubling, Silver has not made a sufficient showing to persuade the Court that it should permit him to pursue such a claim. Moreover, he previously litigated claims against the City and Officer Perez on the same factual allegations. In light of the numerous pleading deficiencies and the prior action pursued by Silver, the Court **DE-NIES** the *Request and Order to File New Litigation by Vexatious Litigant in this District Court* (ECF No. 1); **ACCEPTS** the *Amended Complaint and Claims* (ECF No. 3) as the proposed operative complaint; and **DENIES** the *Motion for Reassignment of the Case to United States District Judge Xavier Rodriguez from U.S. District Judge Jason Pulliam Docket* (ECF No. 4) as frivolous.

Given that frivolous filing, Silver continues to engage in sanctionable conduct. Because of that frivolous filing, the potential duplication between this action and a prior state action, and the duplication between this action and Silver's prior federal action, and because Silver has again failed in his request to pursue the claims set out in the amended complaint filed in this case, the Court orders Silver to show cause **on or before July 21, 2020,** why it should not further sanction him by prohibiting him from pursuing any federal litigation related to the events of December 10, 2018, or imposing monetary sanctions payable to the Court. **The Court instructs the Clerk of Court to mail this Memorandum Opinion and Order to Silver via certified mail, return receipt requested.**

**SIGNED this 7th day of July 2020.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**