UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDERICK OMOYUMA SILVER,**

      **Plaintiff,**

v.                                                                                                Case No. SA-20-MC-0655-JKP

**RICARDO PEREZ, JR., et al.,**

      **Defendants.**

## SANCTION ORDER

On July 7, 2020, the Court issued three orders denying Frederick Omoyuma Silver ("Silver") leave to proceed with three separately proposed civil actions. In this action, it also ordered Silver to show cause by July 21, 2020, "why it should not further sanction him by prohibiting him from pursuing any federal litigation related to the events of December 10, 2018, or imposing monetary sanctions payable to the Court." In an attempt to assure timely delivery and receipt of the court order, it directed the Clerk to mail the order via certified mail, return receipt requested.

Unfortunately, mail issues resulted in Silver not timely receiving the Court's order in this case and in Case No. 19-MC-1490-JKP, but he did receive the order in Case No. 20-MC-0272-JKP, which referenced the order in Case No. 19-MC-1490-JKP. When Silver attempted to commence a new civil action in Case No. 20-CV-0888-JKP, the Court noted it as "substantially the same as the complaint sought to be filed" in this case and two other prior cases in this Court, *Silver v. City of San Antonio*, No. 5:19-MC-1450-OLG (W.D. Tex. Dec. 16, 2019) and *Silver v. Perez*, No. 5:18-CV-1307-FB (W.D. Tex. filed Dec. 13, 2018). On August 4, 2020, the Court issued an order dismissing Case No. 20-CV-0888-JKP; directed the Clerk to email and re-mail the July 7, 2020 order in this case to Silver; and extended his deadline to show cause to August 11, 2020.

As reflected by Silver's motion to extend time (ECF No. 8) received on August 5, 2020, and denied by order (ECF No. 9) dated August 7, 2020, Silver has received the Court's order to show cause. Rather than respond to that order, Silver (1) moved for an extension of time without stating any reason for needing additional time; (2) filed a similar motion in Case No. 19-MC-1490-JKP; (3) sought to proceed *in forma pauperis* in a new action (Case No. 0916-OLG) with related filings (a case notably dismissed as duplicative of Case No. 20-CV-0888-JKP and others); and (4) sought to proceed *in forma pauperis* in a second new action (Case No. 0923-OLG) with related filings (notably with same defendants as Case No. 19-MC-1490-JKP). These filings show that Silver had adequate time to respond to the Court's show cause order, but instead chose to make filings in other cases.

By filing no response to the order to show cause, Silver has apparently chosen to forego his opportunity to convince the Court that no further sanctions are warranted. Nevertheless, the Court recognizes that since the issuance of the show cause order in this case, it has imposed sanctions against Silver in Case No. 20-CV-0888-JKP, including (1) a $600.00 monetary sanction; (2) enjoining him from pursuing any future federal litigation related to the events of December 10, 2018, that formed the basis for that action; and (3) for any new federal action, requiring him to provide a copy of every sanction imposed against him. Although Case No. 20-CV-0888-JKP involved conduct by Silver not at issue in this case, his sanctionable conduct in that case also overlapped this case to some extent given his pursuit of duplicate litigation multiple times over.

The Court finds that Silver has not shown cause for why the Court should not impose sanctions on him in this case. Although it would be well within its discretion to impose additional monetary sanctions, the Court declines to do so in this instance given the totality of the circumstances. And because the Court has already enjoined Silver from pursuing future litigation related to the events of December 10, 2018, the **IMPOSES** the following sanctions upon Frederick Silver:

1. Consistent with the sanction orders in Case No. 20-MC-0272-JKP and Case No. 20-CV-0888-JKP, any future motion for leave to file a new civil action by Frederick Silver shall include proof of payment of any imposed monetary sanction or a status update on payment of each such sanction. Any submitted proof of sanction payment or status update on such payment shall be submitted as a separate document and not contained within attached exhibits. A failure to pay any monetary sanction or provide a status update as to payment of each such sanction may provide an adequate reason to deny any future motion for leave to commence a new civil action. But the effect of compliance with this filing requirement is left to the reviewing court's sound discretion as set out in the sanction orders in Case No. 20-MC-0272-JKP and Case No. 20-CV-0888-JKP. This sanction does not limit or eliminate the existing prefiling injunction imposed against Silver or any other sanction imposed against him.

2. Consistent with the sanction order in Case No. 20-CV-0888-JKP, Frederick Silver is precluded from pursuing any future federal litigation related to the events of December 10, 2018, that form the basis for this action.

3. Consistent with the sanction order in Case No. 20-CV-0888-JKP, for any new federal action, including any action opened due to a motion or request for leave to proceed with a new action, Frederick Silver shall provide a copy of every sanction imposed against him. If there is a specific order imposing sanctions, he shall provide a copy of each such order. A failure to comply with this sanction requirement may provide an adequate reason to deny any future motion for leave to commence a new civil action. But, of course, the effect of compliance with this filing requirement is left to the reviewing court's sound discretion.

4. Effective immediately, absent further order of the Court, Frederick Silver is precluded from making any other filing in this action other than a notice of appeal and, if warranted, a motion or application to proceed *in forma pauperis* on appeal. If Silver submits any other documents for

filing in this case, **the Clerk of Court shall accept and docket them through the Court's normal procedures, but the filings might not prompt any ruling or response**.

**The Court instructs the Clerk of Court to transmit this Sanction Order to Frederick Silver at his last known email address as well as mailing it to him through normal procedures. It further instructs the Clerk to close this miscellaneous case.**

**IT IS SO ORDER this 13th day of August 2020.**

*/s/ Jason Pulliam*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**